## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DENNIS C. SNYDER**                                                                 **PLAINTIFF**

**V.**                              **NO. 4:24-cv-00837-LPR-ERE**

**LAFAYETTE WOODS JR.,** *et al.*                                    **DEFENDANTS**

## <u>ORDER</u>

*Pro se* plaintiff Dennis C. Snyder, an inmate at the W.C. Dub Brassell Adult Detention Center ("Detention Center"), filed this lawsuit under 42 U.S.C. 1983. *Doc. 2*. Mr. Snyder's complaint alleges that Detention Center: (1) medical personnel failed to provide him prescription medication while he was incarcerated at the Detention Center; (2) the conditions of his confinement at the Detention Center caused him to suffer additional medical complications; and (3) Sheriff Woods and Chief Jail Administrator failed to adequately train Detention Center staff.  He sues Sheriff Lafayette Woods, Jr., Chief Jail Administrator Hudson, Nurse Green, Nurse Randle, and Dr. Johnson seeking both injunctive and monetary relief.

In addition, Mr. Snyder seeks to consolidate this case with another case filed by a different inmate and currently pending before this Court, *McCoy v. Woods, et al.*, E.D. Ark. Case No. 4:23-cv-00869 JM-JJV (hereafter referred to as "*McCoy v. Woods*"). *Doc. 3.*

## 1.      Screening

For screening purposes, Mr. Snyder has arguably stated: (1) Eighth Amendment medical deliberate indifference claims against Defendants Nurse Green, Nurse Randle, and Dr. Johnson; (2) Eighth Amendment conditions of confinement claims against Sheriff Woods and Chief Jail Administrator Hudson; and (3) failure to train claims against Sheriff Woods and Chief Jail Administrator Hudson.  Service is now proper for those claims.

## 2.      Motion to Consolidate

In his motion to consolidate, Mr. Snyder requests: (1) to consolidate this case with *McCoy v. Woods*; (2) preliminary injunctive relief; and (3) class certification. Doc. 3. For the reasons explained below, Mr. Snyder's motion is denied.

First, although Mr. Snyder's allegations in support of his conditions of confinement claim are somewhat similar to the claims raised by Mr. McCoy in *McCoy v. Woods*, Mr. Snyder also asserts a related medical deliberate indifference claim, a claim not asserted by Mr. McCoy. In addition, Mr. McCoy's lawsuit involves jail conditions in 2021; Mr. Snyder's involves jail conditions in 2024.  Mr. McCoy and Mr. Snyder's claims arise at distinctly different time periods, involve different Defendants, and arise from different facts. Thus, there appear to be few common questions of law and fact that might arguably support consolidation. See FED. R. CIV. P. 42 (providing that actions may be consolidated if they "involve a

common question of law or facts").

Mr. Snyder's embedded request for preliminary injunctive relief is not presented in a form that the Court can consider on the merits. Under the Court's Local Rules, motions for temporary restraining orders and motions for preliminary injunctions "shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief."  Local Rule 7.2(e).[1]

Finally, a class action lawsuit is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (citing *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979)). A party seeking class certification must "affirmatively

---

[1] The Court notes that a preliminary injunction "is an extraordinary remedy," and the moving party bears the burden of showing he is entitled to such relief. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (internal citations omitted). "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Finally, in prisoner cases, any prospective relief granted must be "narrowly drawn," extend "no further necessary to correct" the Eighth Amendment violation and be the "least intrusive means necessary" to correct the constitutional violation. 18 U.S.C. 3626(a)(1)(A). Therefore, the Court must be particularly cautious when resolving requests for injunctive relief from prisoners, especially where, as here, discovery has not been completed and the facts are still undeveloped.

In addition, in his motion, Mr. Snyder fails to allege any facts showing that he is likely to suffer irreparable harm in the absence of a preliminary injunction. See *MidBAm. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 977 (8th Cir. 2005) (before a court can "enter a preliminary injunction, it must find that the moving party would be irreparably harmed absent an injunction").

demonstrate compliance with Rule 23." *Comcast Corp. v. Behrend*, 596 U.S. 27, 33 (2013) (*citing Wal-Mart Stores, Inc.*, 564 U.S. at 338). Accordingly, Mr. Snyder must show that he has met the requirements of Rule 23. *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013).

Certification of a class is appropriate only when: (1) the class is so numerous that joinder of all members is impracticable; (2) there are common questions of law or fact, and those common questions predominate over individual issues; (3) the claims of the class representative are typical of the class claims; and (4) the class representatives can fairly and adequately protect the interests of the class. See FED. R. CIV. P. 23(a) & (b); *Bennett v. Nucor Corp.*, 656 F.3d 802, 814 (8th Cir. 2011). Here, Mr. Snyder has not alleged facts meeting any of the requirements for class certification.

In addition, it is well established that a non-attorney *pro se* plaintiff cannot adequately represent a class. *Ziegler v. Michigan*, 90 Fed. Appx. 808, 810 (6th Cir. 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("[N]on-attorneys proceeding *pro se* cannot adequately represent a class."); *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("[A] non-attorney ... has no authority to appear as an attorney for others than himself.") (internal quotations omitted); *Covington v. Allsbrook*, 636 F.2d 63, 64 (4th Cir. 1980) ("[A] *pro se* litigant cannot represent the interests of his fellow inmates in a class action

4

suit."), abrogated on other grounds by *Becker v. Montgomery*, 532 U.S. 757 (2001); see also *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Roland v. Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 64 n.3 (D.D.C. 2015).

IT IS THEREFORE ORDERED THAT:

1.     The Clerk of Court is directed to prepare summonses for Defendants Lafayette Woods, Jr., Hudson, Green, Randle, and Johnson.

2.     The United States Marshal is directed to serve these Defendants with a summons and a copy of the complaint (with any attachments) (*Doc. 2*), without requiring prepayment of fees and costs or security. Service for these Defendants should be attempted through the W.C. Brassell Adult Detention Center, 300 East Second Avenue, Pine Bluff, Arkansas 71601.

3.     Mr. Synder's motion to consolidate (*Doc. 3*) is DENIED.

SO ORDERED 3 October 2024.


_____
UNITED STATES MAGISTRATE JUDGE