# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DENNIS C. SNYDER**                                                                                                   **PLAINTIFF**

V.                                        NO. 4:24-cv-00837-LPR-ERE

**LAFAYETTE WOODS JR.,** *et al.*                                                                 **DEFENDANTS**

## ORDER

Separate Defendant Windell Johnson[1] and Medical Defendants Erika Green and Angela Randall have filed motions for summary judgment, briefs in support, and statements of undisputed facts arguing that Mr. Snyder failed to exhaust his administrative remedies against them before filing this lawsuit. *Docs. 39, 40, 41, 42, 43, 44. Pro se* plaintiff Dennis C. Snyder has a right to file a response.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. See FED. R. CIV. P. 56(e). This means that Mr. Snyder's responses should include his legal arguments, as well as affidavits,[2]

---

[1] **The Clerk is instructed to update the docket sheet to reflect the full name of Defendant Johnson – Windell Johnson.** *Doc. 23*.

[2] Any affidavit submitted must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746, by including the following statement before the date and signature: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." Additionally, the affidavit must be based upon the personal knowledge of the person executing the affidavit. The Court may not consider an affidavit unless it meets these requirements.

prison records, or other evidence to show that there is a genuine issue of material fact that must be resolved at a hearing or trial.

In addition, pursuant to Local Rule 56.1,[3] Mr. Snyder must separately file a "separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried." Mr. Snyder's statements of disputed facts must state whether he "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in Defendants' statements of undisputed facts. *Docs. 41, 44*. If Mr. Snyder disagrees with any of the facts in Defendants' statements of undisputed facts, he must: (1) identify each numbered paragraph that contains the facts he disputes; (2) for each paragraph, explain why he disputes those facts; and (3) include a citation to the evidence he is relying on to support his version of the disputed fact.

If Mr. Snyder relies on documents that have been previously filed in the record, he must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Mr. Snyder's factual contentions. See *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

---

[3] The Local Rules for the Eastern District of Arkansas are available on the internet. See https://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Defendants' motions for summary judgment concern only whether Mr. Snyder fully and properly exhausted the grievance process with regard to his pending claims against them *before* filing this lawsuit. Therefore, Mr. Snyder's response to the motions should focus on that issue.

IT IS THEREFORE ORDERED THAT:

1. Mr. Snyder has until **October 10, 2025**, to file: (1) responses to Defendants' motions for summary judgment on the issue of exhaustion; and (2) separate statements of disputed facts. As to any filing, Mr. Snyder should attempt to comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the instructions in this Order.

2. Mr. Snyder is advised that the failure to timely and properly file responses and statements of disputed facts may result in: (1) all of the facts in Defendants' statements of undisputed facts being deemed admitted, pursuant to Local Rule 56.1(c); and (2) the possible dismissal of Mr. Snyder's claims against these Defendants, without prejudice, pursuant to Local Rule 5.5(c)(2).

SO ORDERED 3 September 2025.

_____
UNITED STATES MAGISTRATE JUDGE